UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
SEP 0 7 2006

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ERIC JAMES QUEEN;<br>MICHAEL R. DeBOER; and<br>SHELDON LITTLE EAGLE | \* | CIV. 05-4150 |
| Plaintiffs, | \* | ORDER ON MOTION<br>AND |
| vs. | \* | ORDER FOR SERVICE |
| WARDEN DOOLEY, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### Motion for Appointment of Counsel

Pending is Plainitff Michael R. DeBoer's Motion for Appointment of Counsel (Doc. 74). "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex or legally complex. Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter. The court would not benefit from the assistance of counsel at this point in the proceedings. Plaintiff, although incarcerated, is able to investigate the facts of his claim.

It is not clear at the present time whether there will be conflicting testimony in this case. Considering all the relevant factors, as discussed above, and upon the record to-date, it is hereby

ORDERED that plaintiff's motion for appointment of counsel (Doc. 74) is DENIED without prejudice.

### Order for Service

By order dated July 12, 2006, the District Court overruled plaintiffs' objections and adopted the Report and Recommendation and Second Report and Recommendation (Docs. 31 and 61). The only plaintiffs remaining in this action are Eric James Queen, Michael R. DeBoer and Sheldon Little Eagle. The District Court has determined a portion of Plaintiff's complaint as described further in the Second Report and Recommendation has survived the screening required by 28 U.S.C. § 1915A. Accordingly, it is hereby

### ORDER

ORDERED that:

1. Plaintiff Michael DeBoer's Motion for Appointment of Counsel (Doc. 74) is DENIED without prejudice.

2. That the United States Marshal serve a copy of Docs. 1, 10, 12, 31, 32, 34, 36, 38, 46, 47, 54, 57, 61, 63, 66, a copy of the full docket sheet, the summons and this order upon defendant as directed by plaintiffs. All costs of service shall be advanced by the United States.

3. That plaintiffs shall serve upon defendant, or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. They shall include with the original paper

to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Dated this 7th day of September, 2006.

BY THE COURT:

*John Simko*

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By *Shelly Margulies*
(Deputy)

3